

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **MICHELLE HUDSON,** | ) | **Docket No. 2023-02-5326** |
| **Employee,** | ) | |
| **v.** | ) | |
| **FRESENIUS MEDICAL CARE** | ) | |
| **HOLDINGS, LLC,** | ) | **State File No. 119524-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **AMERICAN CASUALTY** | ) | |
| **COMPANY OF READING** | ) | **Judge Brian K. Addington** |
| **PENNSYLVANIA,** | ) | |
| **Carrier.** | | |

---

## COMPENSATION ORDER GRANTING EMPLOYER'S MOTION FOR SUMMARY JUDGMENT

---

Both parties filed motions for summary judgment, which the Court heard on December 2, 2024. The issue is Ms. Hudson's eligibility for increased benefits. Ms. Hudson argues that, based on her average weekly wages, she made less money at the expiration of her initial compensation period. Fresenius argues that she made a higher rate of pay at the end of her initial period. For the reasons below, the Court holds Fresenius is entitled to summary judgment.

### Claim History

Both parties filed statements of undisputed material facts with citations to the record in compliance with Rule 56.03 of the Tennessee Rules of Civil Procedure. They supported their facts with affidavits.

Ms. Hudson's statement of undisputed material facts included:

- She filed a petition for benefit determination requesting an increased award.
- She was hired by Fresenius Kidney Care for an hourly wage of $36.41 in 2022.

1

- Her wages for the 52-week period after reaching maximum medical improvement totaled $76,722.69. Her average weekly wages through this period were $1,475.43.
- Her average weekly wage before her injury was $2,272.54.
- She does not make 70% of her pre-injury wages, as her average weekly wages were $1,475.43 post-injury, and her pre-injury wages were $2,272.54 per week, which is 64.92% of her pre-injury earnings.

Fresenius's statement of undisputed facts reads in part:

- Employee's hourly rate of pay before her injury was $34.06.
- Employee's hourly rate of pay after her injury was $36.41.
- The employee's hourly rate of pay remained at $36.41 when she filed her second petition.

Ms. Hudson argues that "wages" in Tennessee Code Annotated Section 50-6-207(B) (2024) is not defined nor addressed by the Courts. She argues "wages" means more than rate of pay and that it means average weekly wage. Comparing her average weekly wage before her injury and when her initial compensation period ended, she was making less than 100% at the time of her injury.

Fresenius argues that "wages" have been consistently defined by the courts to mean rate of pay. It asserted that wages do not mean average weekly wage, which includes overtime.

## Law and Analysis

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2024).

Either party must do one of two things to prevail: (1) submit affirmative evidence that negates an essential element of the other's claim, or (2) demonstrate that the evidence is insufficient to establish an essential element of the claim. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

Here, Ms. Hudson contends she is entitled to increased benefits under section 50-6-207(3)(B). Fresenius disagrees. To be eligible for those benefits, Ms. Hudson must prove her wages were less than 100% of the wages she received from the employer on the date of her injury.

Since the term "wages" is not defined in section 207(3)(B), the Court considers relevant case law. In *Marshall v. Mueller Company*, 2016 TN Wrk. Comp. App. Bd. Lexis

74, at *22-25 (July 11, 2016), the Appeals Board concluded the term "wage" applied to the term "wages" in the section in question. It further stated that wage means the hourly rate of pay for an employee who is compensated on an hourly basis.

The parties agree that Ms. Hudson's hourly rate of pay before the injury was $34.06 and $36.41 when her initial compensation period expired. Considering *Marshall*, Ms. Hudson was making an hourly rate greater than her pre-injury hourly rate. Because Ms. Hudson did not point to any specific facts or evidence that her hourly rate of pay was less than her pre-injury rate of pay, she did not show a genuine issue of material fact for trial. The Court holds Fresenius is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE ORDERED** as follows:

1. Fresenius's motion for summary judgment is granted, and Ms. Hudson's claim for increased benefits is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final 30 days after entry.

3. The Court taxes the $150.00 filing fee to Fresenius under Tennessee Compilation Rules and Regulations 0800-02021-.06 (2023), payable to the clerk within five days of this order becoming final.

**ENTERED December 5, 2024.**

**Brian K. Addington**

_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

3

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on December 5, 2024.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| David Darnell, Employee's Attorney | | | X | david.darnell@deangreer.com cathy.banks@deangreer.com |
| Brent Moore, Employer's Attorney | | | X | bmoore@otalekelley.com ccaruso@ortalekelley.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1.  Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4.  After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*